ANTOINE SOULARD'S HEIRS v. THE UNITED STATES.

A concession and survey of land in Missouri, which was granted by the lieutenant-governor of Upper Louisiana, before the treaty of Louisiana, confirmed; so far as the land embraced in the same has not been sold by the United States. For the quantity of land so sold, the owners of the concession may enter a like quantity in any land-office in Missouri, after the same has been offered for sale.

ON appeal from the district court of the United States, for the district of Missouri.

A petition was filed on the 22d day of August 1824, by Antoine Soulard, in the district court of the United States for the district of Missouri, for the confirmation of a tract of land under the authority of the act of Congress passed May 26, 1824, entitltled an act enabling the claimants of lands within the limits of the state of Missouri and territory of Arkansas, to institute proceedings to try the validity of their claims; and stating that on the 26th of April 1796, the lieutenant governor of upper Louisiana, Don Zenon Trudeau, granted to him, in consideration of services rendered by the petitioner to the Spanish government, ten thousand arpents of land, he being then a resident of the province, to be located on any vacant lands belonging to the royal domain.

In pursuanance of which decree of concession and survey the land was located and surveyed on the river Cuivre, about seventy miles north of St. Louis, and about fifteen miles west of the river Mississippi. The petition stated that no more than 2,067 $\frac{82}{100}$ acres are occupied under adverse title, and proved that the title to all the land which had not been sold by the United States should be confirmed, and that he should be allowed to locate the residue of the grant on other unsold lands belonging to the United States.

On the 27th of March, 1825, Julie Soulard, the widow, and James G., Henry G., Eliza G., and Benjamin Soulard, the children and heirs of Antoine Soulard, he having died intestate, were, on filing a petition in the district court, made parties to the

[Soulard v. The United States.]

cause. After various proceedings in the district court, the following decree was made.

The cause coming on to be debated and heard, in the presence of the counsel for the petitioners and of the attorney for the United States for the district of Missouri, on the petition, the answer and the testimony which is imbodied in the record, it appears that the petition sets forth, in substance, that some time in the month of April, one thousand seven hundred and ninety-six, Antoine Soulard, the ancestor of the present petitioners, being then a resident of the province of Upper Louisiana, and surveyor-general of the same under the Spanish government, presented his petition to the then lieutenant-governor of said province, Don Zenon Trudeau, praying a grant of a tract of ten thousand arpents of land, to be located on any vacant part of the royal domain. That in compliance with the said petition, and in order to remunerate the services of said petitioner, the said Don Zenon Trudeau, lieutenant-governor, did, about the time aforesaid, grant to the said petitioner ten thousand arpents of land, and by said decree of concession, did order the said quantity to be located and surveyed on any part of the royal domain in said province, at the election of said petitioner. That the said quantity of land was, afterwards, on the twentieth day of February, one thousand eight hundred and four, surveyed and located by the deputy-surveyor, Don Santiago Rankin, on a vacant part of the public land, situate about fifteen miles west of the Mississippi river, and seventy miles north of the town of St. Louis, on a branch of the river Cuivre, and bounded as follons: commencing at a point in the northeast quarter of section twenty-five, township fifty-one north, range three west; runs thence north sixty-eight east, three hundred and seventeen chains eight links, to a point in the northeast quarter of section fourteen, township fifty-one north, range two west; thence north twenty-two west, two hundred and fourteen chains and sixteen links, to a point in the southeast quarter of section thirty-four, township fifty-two north, range two west; thence south sixty-eight west, three hundred and seventeen chains and eight links, to a point in the southeast quarter of section eleven, township fifty-one north, range three west; thence south twenty-two east, two hundred and fourteen chains sixteen

links, to the place of beginning. And that a certificate of said survey was duly made and recorded in the book of record of surveys kept by the said petitioner as surveyor as aforesaid. That before the time when claims should have been filed pursuant to the act of Congress of the second March, one thousand eight hundred and five, the said decree of concession and certificate of survey were, by mistake, thrown into the fire and destroyed. That in consequence of the destruction of said concescession and certificate of survey, the said petitioner considered that he was excluded from the benefit of the act of Congress passed for the relief of land claimants, and omitted to file any notice of his claim, and has, thereby, been deprived of the benefit of the laws heretofore passed by Congress. That of the said tract of land, one thousand nine hundred and forty-seven acres and thirty-five hundreds of an acre, have been sold by the United States, and that the residue of the said tract is not claimed or possessed by any person other than the petitioner. And that the same has been reserved from public sale until the final adjudication thereon by the proper tribunal. The petitioner prays that the validity of his said claim may be inquired into and decided, and that his claim and title may be confirmed to all that part of the said tract which has not been sold as aforesaid by the United States, and that he be authorized to enter, in any of the land offices in the state of Missouri, the quantity of one thousand nine hundred and forty-seven acres and thirty-five hundreths of an acre of land, the quantity sold as aforesaid by the United States. It appears, also, that on the seventeeth day of March, one thousand eight hundred and twenty-five, Julie Soulard, widow of the said petitioner, and James G. Soulard, Henry G. Soulard, Eliza Soulard, and Benjamin A. Soulard, children and heirs at law of the said petitioner, filed their petition setting forth that the said Antoine Soulard, after having filed and prosecuted his said petition, died, leaving the said widow and children his only heirs and legal representatives; and praying that the said cause might be revived and stand in their names against the United States; and the attorney of the United States freely admitting all the facts set forth in the petition of the said widow and children, the said cause was revived accordingly.

[Soulard v. The United States.]

And it also appearing that the answer of the attorney of the United States sets forth, in substance, that he is wholly uninformed of all the matters and things in the said petition of Antoine Soulard, revived as aforesaid contained, and, therefore, that he does not admit the same to be true, and that he prays the court that the said petitioners may be held and required to prove all such facts, matters, and things, the existence whereof is, or may be deemed necessary to the confirmation of the said claim. And, moreover, that the said petitioners may be required and compelled to produce and show to the court the law, usage, or custom, by force and virtue whereof the said claim can or ought to be confirmed. And it further appearing, by the finding of the jury empannelled to try the issue directed in this cause, that such concession was made to the said Antoine Soulard, as in the said petition is stated. And it also appearing in evidence offered on the part of the said petitioners, that a survey of the said land was made, and a plat thereof recorded, as in the said petition is stated. And that it was the practice of the lieutenant-governor of upper Louisiana to make· concessions of land in virtue of their office, as such governors, and not in virtue of any commission as sub-delegate. And after debate of the matters aforesaid, and the court· having inquired into the validity of the title of the said petitioners; and for that it appears to the court that no grant of the king's domain could have been legally made, unless made in virtue of some law or authority from him. And for that the regulations of Count O'Reily, of the eighteenth of February, in the year one thousand seven hundred and seventy; and of governor Gayoso, of the ninth of September, one thousand seven hundred and ninety-seven; and of Morales, the intendant, of the seventeenth of July, one thousand seven hundred and ninety-nine, exhibit a general intention and policy on the part of the Spanish government, in relation to the disposition of the public domain, which excludes every reasonable supposition of the existence of any law, usage, or custom, under and in conformity to which the alleged concession might have been perfected into a complete title, had not the sovereignty of the country been transferred to the United States, and for the principles, commands, and prohibitions in those regulations contained, are not to be re-

[Soulard v. The United States.]

conciled with any idea of the legality of the said concession, and are incompatible with the existence of any law, usage, or custom in confomity with which the said concession might have been confirmed, had no change of sovereignty taken place. The court doth, therefore, find the alleged concession and claim of the petitioners to be illegal in its origin, and invalid ; and doth, therefore, decide, adjudge, and decree against the validity of the same ; and doth further order, adjudge, and decree, that the said petitioners pay all costs and charges occasioned in and about the prosecution and defence of this suit.

The petitioners entered an appeal to this court.

At January term, 1830, the case was argued by Mr. Benton, for the appellants, and by Mr. Wirt, attorney-general, for the United States. The court held the case under advisement, as stated in the opinion reported in 4 Peters 511.

The appeal was again argued at January term, 1835, by Mr. White, for the appellants, and by Mr. Butler, attorney-general, for the United States ; and was held under advisement to this term ; when

Mr. Justice BALDWIN delivered the opinion of the Court.

This is an appeal from the decree of the district court of. Missouri, on the petition of the plaintiffs, praying for the confirmation of their claim to a tract of land, pursuant to the act of 1824, for the settlement of claims to land in that state.

The petition was in due form, setting forth such a case as gave jurisdiction to the court below, who decided the claim to be invalid ; the appeal is regularly taken according to the terms of the law. It is in full proof that, on the 20th April, 1796, the lieutenant-governor of upper Louisiana, in consideration of the services rendered to the Spanish government by Antoine Soulard, the ancestor of the petitioners, made a concession or order of survey to him and his heirs forever, of a tract of land of ten thousand arpents, French measure, to be surveyed and located on any vacant land in the royal domain. Pursuant to this order, a survey was made in February 1804, and recorded in the office of the surveyor-general of the district, in March following.

[Soulard v. The United States.]

To the confirmation of this title various objections were made, on the ground that such concession was not authorized by the laws of Spain; but as they have all been fully considered and overruled in the numerous cases which have been decided by this Court, in claims to land in Florida, under the treaty with Spain, and in Missouri under the treaty with France, and the various acts of Congress on the subject; it is deemed unnecessary to notice them. To the survey no objections have been made, if the concession is valid; of which we can have no doubt, consistently with the principles heretofore established by this court.

We are therefore of opinion, that the claims of the petitioners to the land described in their petition is a good and valid title thereto by the law of nations, the laws, usages, and customs of Spain, (under whose government the title originated,) the treaty between France and the United States for the cession of Louisiana, and the stipulations thereof, as well as the acts of Congress in relation thereto; and that it ought to be confirmed to the petitioners agreeably to the prayer of their petition.

The Court doth therefore finally order, adjudge, and decree that the decree of the district court of Missouri be, and the same is hereby annulled and reversed, except as to such part or parts of the land surveyed to the said Soulard, pursuant to the aforesaid concession, as had been sold by the United States before the filing of the petitions in this case, as to which the decree of the district court is hereby affirmed, and the land so sold confirmed to the United States. And this Court, proceeding to render such decree as the district court ought to have rendered, doth further order, adjudge, and decree, that the title of the petitioners to all of said land embraced in said concession and survey, which has not been so sold by the United States, is valid by the laws and treaty aforesaid, and is hereby confirmed to them, agreeably to said concession and survey. And the Court doth further order, adjudge, and decree, that the surveyor of the public lands in the state of Missouri shall cause the land specified therein and in this decree, to be surveyed at the expense of the petitioners, and to do such other acts thereon as are enjoined by law on such surveyor. Also, that such surveyor shall certify on the plots and certificates of such survey to be so made, what part or parts of

[Soulard v. The United States.]

the original survey of such land has been sold as aforesaid by the United States, together with the quantity thereof. Which being ascertained, the said petitioners, their heirs or legal representatives, shall have the right to enter the same quantity of land as shall be so certified to have been so sold by the United States, in any land office in the state of Missouri, after the same shall have been offered for sale, which entry shall be made conformably to the act of Congress in such case made and provided.